**Teresa L. McGUIRK, Plaintiff,**

v.

**EASTERN GENERAL INSURANCE AGENCY and Ronald Zavaglia, Individually, Defendants.**

**No. 97–CV–6486L.**

United States District Court,
W.D. New York.

March 9, 1998.

Donna Marianetti, Rochester, NY, for Plaintiff.

Anthony F. Leonardo, Jr., Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Teresa L. McGuirk, commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendants, Eastern General Insurance Agency ("Eastern General") and Ronald Zavaglia, have moved to dismiss the complaint on the ground that plaintiff has not complied with the filing requirements of 42 U.S.C. § 2000e–5(e)(1).

## BACKGROUND

The complaint alleges that plaintiff began working for Eastern General in October 1994. Plaintiff alleges that Zavaglia, the owner of Eastern General, continually made sexual advances toward her despite her protests. On or about February 23, 1995, plaintiff told her supervisor that she was considering filing a complaint about Zavaglia with the Equal Employment Opportunity Commission ("EEOC"). The supervisor then spoke privately to the office manager, who told plaintiff that plaintiff had to be "let go." No reason was given to plaintiff for her termination.

Plaintiff filed a complaint with the EEOC on December 12, 1995, 292 days after her termination. That complaint alleged that plaintiff had been subjected to a hostile work environment and terminated in retaliation for her threat to file an EEOC complaint.

On April 26, 1997, the EEOC issued a determination finding "reason to believe that violations have occurred ...," and inviting the parties to attempt to settle the matter. Donna Marianetti Aff. (Item 10) Ex. C. On July 31, 1997, the EEOC issued a right-to-sue letter, stating that it had not been able to find a settlement that would have provided relief for plaintiff. Marianetti Aff. Ex. D.

## DISCUSSION

Defendants base their motion to dismiss on 42 U.S.C. § 2000e–5(e)(1), which states in pertinent part:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ..., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred ...

Defendants contend that because New York has an agency with authority over this matter, *i.e.* the New York State Division of Human Rights ("DHR"), the 300–day period does not apply unless plaintiff first instituted proceedings with the DHR. Plaintiff concedes that she has not done so, but maintains that because New York has an agency with authority over this matter, the 300–day filing period applies, regardless of whether plaintiff actually instituted proceedings before that authority.

Although on its face the statute does speak of a plaintiff having "initially instituted proceedings" before a state agency, an analysis of the statutory scheme and relevant case law supports plaintiff's position. Pursuant to its authority under 42 U.S.C. § 2000e–4(g)(1), the EEOC has entered into a "Worksharing Agreement" with the DHR. The 1995 Worksharing Agreement applicable to the case at bar provides that:

For charges originally received by the EEOC and/or to be initially processed by the EEOC, the [DHR] waives its rights of exclusive jurisdiction to initially process such charges for a period of 60 days for

the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day.

In addition, the EEOC will initially process the following charges:

—All Title VII charges received by the [DHR] 240 days or more after the date of violation. 1995 Worksharing Agreement ¶ III(A)(1) (quoted in *Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 310 (2d Cir.1996)).

The apparent reason for this provision is that 42 U.S.C. § 2000e–5(c) states that in a state which has a state or local law prohibiting the alleged unlawful employment practice and an agency to enforce that law, no charge may be filed with the EEOC until sixty days have elapsed after filing with the state agency, "unless such proceedings have been earlier · terminated ..." Without the waiver provision in the Worksharing Agreement, a complaint filed 241 days after the alleged violation would prevent the plaintiff from meeting § 2000e–5(e)(1)'s 300–day time period for filing with the EEOC, unless the state proceedings terminated prior to the expiration of that period. The Worksharing Agreement avoids this result because the DHR has waived its right to exclusive jurisdiction over complaints filed more than 240 days after the alleged violation, allowing the EEOC to process such charges immediately. The DHR's jurisdiction over plaintiff's administrative complaint therefore terminated immediately upon the filing of the complaint.

The fact that plaintiff did not physically file the complaint with the DHR is of no significance, for two reasons. First, even if plaintiff had filed the complaint with the DHR, pursuant to the Worksharing Agreement, the DHR would not have exercised its jurisdiction over the complaint, and would have immediately referred the complaint to the EEOC. Second, the Worksharing Agreement also provides that "each [agency] designate[s] the other as its agent for the purpose of receiving and drafting charges." 1995 Worksharing Agreement ¶ II(A) (quoted in *Ford*, 81 F.3d at 308). The EEOC's receipt of plaintiff's complaint, then, served as receipt by both the EEOC and the DHR.

In support of their motion, defendants cite footnote 6 of the Second Circuit's decision in *Ford.* Having stated that under the Age Discrimination in Employment Act ("ADEA") the filing period is extended to 300 days in states which have their own antidiscrimination laws, the court stated that "Title VII contains an additional requirement, not found in the· ADEA, that must be met before the 180–day period is extended to 300 days: the person bringing the charge must 'initially institute[] proceedings' with the state agency." *Ford,* 81 F.3d at 307 n. 6 (quoting 42 U.S.C. § 2000e–5(e)(1)). The court noted that the plaintiff in *Ford* had met that requirement by filing with the DHR first.

Defendants, however, assign too broad a meaning to this statement. For one thing, in a later footnote, the court stated that Title VII's "60–day deferral provision means that the cautious complainant must file a claim with the state agency within *240* days of the alleged discrimination to ensure timely filing with the EEOC." *Id.* at 308 n. 7 (emphasis added). It is clear, then, that the court did not believe that a failure to file within 180 days would bar a claim from being presented later. It is equally clear that the court's reference to filing within 240 days was only an explanation of what is necessary "to *ensure* timely filing with the EEOC," and did not mean that a claim filed thereafter is *necessarily* untimely, for the plaintiff in *Ford* filed his claim with the DHR on day 281, and the court held that the claim was timely filed with the EEOC because of the DHR's waiver of its right to exclusive jurisdiction. *Id.* at 310.

In addition, the court in *Ford* noted that its holding that the Worksharing Agreement's waiver of DHR jurisdiction constituted "termination" of state agency proceedings under § 2000e–5(c) was "consistent with the rulings of the seven other circuits that have considered this issue," including the Fifth Circuit's decision in *Griffin v. City of Dallas,* 26 F.3d 610 (5th Cir.1994). In *Griffin,* which is factually on all fours with the instant case, the court held that the plaintiff's filing of a Title VII EEOC complaint ·275 days after his discharge satisfied § 2000e–5(e)(1)'s requirement that the complainant initially institute

state proceedings, because under the worksharing agreement between the EEOC and the Texas Commission on Human Rights ("TCHR"), the EEOC received the plaintiff's charge as the TCHR's agent. The court also held that the TCHR's waiver of jurisdiction over claims filed with the EEOC after 180 days but before 300 days after the date of the alleged violation was self-executing, and "instantaneously transformed the EEOC's *receipt* of Mr. Griffin's charge into a *filing* of that charge and authorized the EEOC to initiate proceedings on that charge immediately." *Id.* at 613.

In another case factually indistinguishable from this one, another district court from within this circuit reached the same conclusion. In *Humphrey v. Council of Jewish Federations*, 901 F.Supp. 703 (S.D.N.Y.1995), the plaintiff filed a Title VII complaint with the EEOC 271 days after the alleged act of discrimination, and filed an amended charge on day 291. Denying the defendant's motion to dismiss on untimeliness grounds, the court stated that "[b]ecause the NYSDHR–EEOC Worksharing Agreement effectively terminated NYSDHR's jurisdiction upon the EEOC's receipt of the charge, each of Humphrey's charges were timely filed with the EEOC within the applicable 300–day period." *Id.* at 708 (footnote omitted).

The EEOC's own regulations are in accord with this view. The relevant regulation states the following:

> The following procedures shall be followed with respect to charges which arise in jurisdictions having a FEP [Fair Employment Practices] agency with subject matter jurisdiction over the charges:
>
>    *    *    *    *    *    *
>
> Where the document on its face constitutes a charge within a category of charges over which the FEP agency has waived its rights to the [60–day] period of exclusive processing . . ., the charge is deemed to be filed with the Commission upon receipt of the document. Such filing is timely if the charge is received within 300 days from the date of the alleged violation.

29 C.F.R. § 1601.13(a)(4).

The Second Circuit has stated that "[t]he EEOC's interpretation of Title VII and its terms is afforded great deference." *Ford,* 81 F.3d at 309. This regulation plainly indicates that the EEOC sees no timeliness problem in situations like the one in the case at bar. I agree, and hold that the effect of the Worksharing Agreement is to extend the filing period to 300 days, making plaintiff's complaint timely.

In their brief, defendants also note that although the first paragraph of the complaint alleges that defendants have violated both Title VII and the New York State Human Rights Law ("HRL"), N.Y. Exec. L. § 296, the only count in the complaint alleges only that defendants have violated Title VII. Defendants also contend that any HRL claim would be defective because an EEOC complaint does not satisfy the HRL's requirement that a plaintiff first file a complaint with the DHR.

For the reasons already stated, I reject the latter assertion. Pursuant to the Worksharing Agreement, plaintiff's EEOC complaint satisfies the state-filing requirements of both Title VII and the HRL.

It is true that there is no expressly stated cause of action under the HRL in the complaint. It is obvious that defendants have been put on notice that plaintiff does allege a violation of the HRL, however, and since this is purely a technical defect, I grant plaintiff's request that she be permitted to amend the complaint to add a claim under the HRL.

## CONCLUSION

Defendants' motion to dismiss the complaint (Item 6) is denied. Plaintiff shall have twenty (20) days from the date of entry of this Decision and Order to file an amended complaint adding a claim under N.Y. Exec. L. § 296.

IT IS SO ORDERED.