**Laurance A. TEWKSBURY,
Plaintiff–Appellant,**

v.

**OTTAWAY NEWSPAPERS,
Defendant–Appellee.**

**No. 98–9667.**

United States Court of Appeals,
Second Circuit.

Argued July 13, 1999.

Decided Sept. 22, 1999.

Stephen Bergstein, Law Offices of Michael H. Sussman, Goshen, New York, for Plaintiff–Appellant.

Christopher P. Reynolds, Morgan, Lewis & Bockius LLP (Robert J. Cicero, Betsy J. Floman, of counsel), New York, New York, for Defendant–Appellee.

**324**

Before: WINTER, Chief Judge, JOHN M. WALKER, Jr. and CABRANES, Circuit Judges.

WINTER, Chief Judge:

Laurance A. Tewksbury appeals from Judge McMahon's dismissal of his complaint. Judge McMahon held that appellant's discrimination claims against his former employer, Ottaway Newspapers ("Ottaway"), were time-barred under Section 706(e)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e)(1), because he filed his charges with the Equal Employment Opportunity Commission ("EEOC"), more than 180 days after the alleged discriminatory acts, without first having filed with a state agency. Appellant argues that the district court erred in applying a 180–day limitations period to his charges. He contends that his disability discrimination charge was subject to a 300–day limitations period because he must be deemed to have complied with the sequential filing requirement in Section 706(e)(1) when the EEOC, on his behalf, instituted proceedings with the New York State Division of Human Rights ("NYSDHR") pursuant to a work-sharing agreement. Appellant further argues that his charge of age discrimination was timely under the applicable limitations period. We agree with both contentions and reverse.

## BACKGROUND

Tewksbury formerly worked as a salesperson for Tri–States Publishing Co., a division of Ottaway, in Port Jervis, New York. Ottaway terminated Tewksbury on January 5, 1996, for "performance problems." On either August 27 or 28, 1996— more than 180 days but less than 300 days after he was terminated—Tewksbury submitted charges to the EEOC alleging that Ottaway discriminated against him on the basis of a disability and his age. The EEOC characterized Tewksbury's charges as arising under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. Tewksbury never undertook to file these charges directly with the NYSDHR, the New York State agency empowered to remedy unlawful discrimination. However, pursuant to a "Work–Sharing Agreement," the EEOC later transmitted Tewksbury's charges to the NYSDHR.

Appellant received a right-to-sue letter from the EEOC on March 17, 1997. About one month later, he filed the instant complaint in the Southern District, claiming that Ottaway terminated him because of his age and an alleged disability in violation of the ADA, ADEA, and N.Y. Exec. Law §§ 296–297. Appellee moved to dismiss the ADA and ADEA claims as time-barred pursuant to Fed.R.Civ.P. 12(b)(6) and the pendent state-law claims pursuant to 28 U.S.C. § 1367(c)(3). Judge McMahon initially denied appellee's motion, but, after reconsideration, granted it. See Tewksbury v. Ottaway Newspapers, Inc., No. 97 Civ. 2904 (S.D.N.Y. Nov. 23, 1998); Tewksbury v. Ottaway Newspapers, Inc., No. 97 Civ. 2904 (S.D.N.Y. Dec. 14, 1998). This appeal followed.

## DISCUSSION

We review the grant of summary judgment de novo.[1] See Cronin v. Aetna

---

1. Ottaway denominated its motion a "Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Of course, a Rule 12(b)(6) motion tests only whether the allegations in the complaint state a valid claim for relief. See LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir.1991) ("Rule 12(b)(6) does not give the district court authority to consider matters outside the pleadings; it simply delineates the procedures which must be followed in testing the legal sufficiency of a complaint."). However, in support of its motion, Ottaway submitted material extrinsic to the complaint, namely, the charges Tewksbury filed with the EEOC and its notice to Ottaway concerning those charges. In response, Tewksbury submitted further extrinsic material, including an EEOC letter acknowl-

*Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995). Summary judgment is appropriate when, after reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 95 (2d Cir.1998).

The material facts are not in dispute. The parties agree that Tewksbury filed his charges with the EEOC more than 180 days and less than 300 days after he was terminated and that Tewksbury did not file these charges directly with the NYSDHR. They also agree that the EEOC transmitted Tewksbury's charges to the NYSDHR and that, at all relevant times, the NYSDHR and the EEOC were parties to a "Work–Sharing Agreement." The dispute between the parties arises over the legal consequences of these facts.

(a) *ADA Charge*

■ Tewksbury's ADA charge is subject to the time limitations set forth in Section 706(e)(1). *See* 42 U.S.C. § 12117(a) (providing that the procedures set forth in Section 706 apply to claims arising under the ADA). That Section requires a claimant to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act, unless the "person aggrieved has initially instituted proceedings with a State ... agency with authority to grant or seek relief from such practice," in which case the claimant has 300 days to file his charge with the EEOC. 42 U.S.C. § 2000e–5(e)(1).

The NYSDHR has authority to remedy employment discrimination, rendering New York a so-called deferral state under Section 706(e)(1). *See Harris v. City of New York*, 186 F.3d 243, 247–48 n. 2 (2d Cir.1999). Thus, Tewksbury's ADA claim, based upon incidents charged more than 180 days after their alleged occurrence, is barred unless he "initially" filed his corresponding charge with the NYSDHR. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998) ("[Section 706(e)(1) ] functions as a statute of limitations in that discriminatory incidents not timely charged before the EEOC will be time-barred upon the plaintiff's suit in district court.") (citations omitted).

Appellant argues that his ADA charge should be deemed to have been filed with the NYSDHR—and was thus in compliance with the sequential filing requirement set forth above—because he filed with the EEOC, which then filed his charge with the NYSDHR pursuant to the Work–Sharing Agreement. Appellee counters that the sequential filing requirement was not satisfied because Tewksbury did not himself "institute[ ] proceedings" with the NYSDHR, and, even if he did, he did not do so "initially," that is, before he filed with the EEOC. We agree with appellant.

■ When the EEOC files charges with a deferral-state agency on a claimant's behalf, the charges are deemed to be filed by the claimant. *See, e.g., Mohasco Corp. v. Silver*, 447 U.S. 807, 816, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) (holding that the EEOC instituted state proceedings on claimant's behalf by forwarding charge to

edging receipt of his charges and informing him that a copy of his charges would be forwarded to the NYSDHR. Rule 12(b) provides in pertinent part:

If, on a motion [to dismiss for failure to state a claim upon which relief can be granted], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all mate-

rial made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b). Here, the extrinsic material was "presented to and not excluded by the [district] court," and both parties were given a reasonable opportunity to present all material pertinent to whether Tewksbury timely filed his charges with the EEOC. We therefore treat Ottaway's motion as one for summary judgment. *See Compania De Remorque Y Salvamento, S.A. v. Esperance*, 187 F.2d 114, 117 n. 1 (2d Cir.1951).

deferral-state agency); *Love v. Pullman Co.*, 404 U.S. 522, 525, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) ("Nothing in [Title VII] suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself. . . ."). Thus, Tewksbury "instituted proceedings" at the NYSDHR when the EEOC transmitted his ADA charge to that agency. 42 U.S.C. § 2000e–5(e)(1).

The unsettled question is whether Tewksbury is deemed to have filed "initially" with the NYSDHR. In *Mohasco*, a claimant submitted a charge to the EEOC 291 days after the alleged act of discrimination but did not submit the charge to the governing deferral-state agency—the NYSDHR. The Supreme Court held, as a threshold matter, that the claimant's charge was "initially" filed with the NYSDHR, and thus was subject to the longer 300–day period, because the EEOC referred the charge to the NYSDHR, and, under Section 706(c), 42 U.S.C. § 2000e–5(c), the charge could not be regarded as formally filed with the EEOC until after the NYSDHR terminated its proceedings or sixty days had passed:

> When respondent submitted his [employment discrimination charge] to the EEOC, he had not yet instituted any state proceedings. Under the literal terms of the statute, it could therefore be argued that he did not bring himself within the exception to the general 180–day requirement. But in *Love v. Pullman Co.*, . . . we held that "[n]othing in the Act suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself. . . ." Here, state proceedings were instituted by the EEOC when it immediately forwarded his letter to the state agency on June 15, 1976. Accordingly, we treat the state proceedings as having been instituted on that date. Since the EEOC could not proceed until either state proceedings had ended or 60 days had passed, the proceedings were "initially instituted with a State . . . agency" prior to their official institution with the EEOC.

*Id.* at 816–17, 100 S.Ct. 2486 (citations omitted).

*Mohasco* does not precisely control this case because the EEOC could have proceeded on Tewksbury's ADA charge the day it received it. Under the Work–Sharing Agreement, the NYSDHR agreed to "waive[ ] its rights of exclusive jurisdiction to initially process . . . charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges. . . ." *See* Appellant's Br. at 13 (quoting 1996 Work–Sharing Agreement ¶ III(A)(1) and citing *McGuirk v. Eastern Gen. Ins. Agency*, 997 F.Supp. 395, 396–97 (W.D.N.Y.1998)).[2] And, under current regulations, charges submitted to the EEOC are deemed filed with it on the date of receipt if the deferral-state agency has waived its rights to the 60–day exclusive jurisdiction period. *See* 29 C.F.R. § 1601.13(a)(4)(ii)(A); *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 114–16, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988) (holding that a deferral-state agency's waiver of exclusive jurisdiction period constitutes "termination" of the state agency's proceedings under Section 706(c), allowing the EEOC to regard charges as filed with it upon receipt); *see also Ford v. Bernard Fineson Dev. Ctr.*, 81

---

**2.** The parties dispute the significance of the Work–Sharing Agreement, but do not dispute that the provisions of the Agreement pertinent to this appeal are accurately set forth in *McGuirk*, 997 F.Supp. at 396–97. Although neither party has provided us a copy of the current Agreement, we act on their assumption that its text is not materially different from that quoted in *McGuirk*. *Cf. Ford v.*

*Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 306 (2d Cir.1996) ("Because [appellant] has given us only the 1995 Agreement and because [appellee] does not dispute the applicability of its terms to this case, we adopt the parties' implicit assumption that the text of the 1991 Agreement is not materially different from the 1995 Agreement provided to us.").

F.3d 304, 308–09 (2d Cir.1996) (holding that work-sharing agreement provision that the NYSDHR waives right to 60–day exclusive jurisdiction period is self-executing "termination" of state proceedings under Section 706(c)). As a result, Ottaway has a colorable argument that Tewksbury "initially" filed with the EEOC, not the NYSDHR, and thus did not satisfy the sequential filing requirement in Section 706(e)(1). For several reasons, however, we hold that Tewksbury satisfied the sequential filing requirement and that his ADA charge is subject to the 300–day limitations period.

First, however paradoxical it may seem, Tewksbury's charge must be deemed to have been filed "initially" with the NYSDHR. As set forth above, the NYSDHR's proceedings terminated upon the EEOC's receipt of Tewksbury's charge. However, the charge still could not be regarded as filed at the EEOC until after the NYSDHR's proceedings were formally terminated. *See* 42 U.S.C. § 2000e–5(c); *Mohasco,* 447 U.S. at 816, 100 S.Ct. 2486; *Ford,* 81 F.3d at 308. And, of course, the NYSDHR proceedings cannot be deemed as terminated unless they have already begun. The NYSDHR proceedings formally began upon the EEOC's receipt of Tewksbury's charges because, pursuant to the Work–Sharing Agreement, it was designated as the NYSDHR's agent for purposes of receiving claimants' charges. *See McGuirk,* 997 F.Supp. at 397 ("[E]ach [agency] designate[s] the other as its agent for the purpose of receiving and drafting charges.") (quoting 1995 Work–Sharing Agreement); 29 C.F.R. § 1626.10(c) ("Charges received by one agency under [a worksharing] agreement shall be deemed received by the other agency for purposes of [determining the timeliness of the charge].")*; see generally Ford,* 81 F.3d at 307 n. 5 (Work–

Sharing Agreement has "the same impact on claimants as a statute or regulation."). Thus, the NYSDHR proceeding on Tewksbury's ADA charge formally began and ended upon the EEOC's receipt of the charge but before Tewksbury's charge could be deemed as filed with the EEOC. The charge was, accordingly, "initially" filed with the NYSDHR, not the EEOC.

Second, our construction of Section 706(e)(1) is consistent with the EEOC's interpretation. Its regulations require it to forward all charges it receives to a governing deferral-state agency, *see* 29 C.F.R. § 1601.13(a)(3)(iii), and it in fact forwarded Tewksbury's charges to the NYSDHR. The EEOC regards a charge as "timely" when it is received within 300 days of the alleged discriminatory act, forwarded to the deferral state agency, and the deferral-state agency has waived its rights to the 60–day exclusive jurisdiction period. *See id.* § 1601.13(a)(4)(ii)(A). Thus, the EEOC regards such charges as "initially" filed with the deferral-state agency. We have previously deferred to the EEOC's interpretation of Section 706, *see Ford,* 81 F.3d at 309–10 (deferring to the EEOC's interpretation of "termination" under Section 706(c)), and do so here in resolving the ambiguous question of whether Tewksbury "initially" filed his charge with the NYSDHR. *See Commercial Office Prods.,* 486 U.S. at 115, 108 S.Ct. 1666 ("[T]he EEOC's interpretation of ambiguous language need only be reasonable to be entitled to deference."); *see generally Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Finally, our conclusion is consistent with the approach taken by every other circuit that has addressed the same or a similar issue concerning the Section 706(e)(1) sequential filing requirement.[3] *See Griffin*

---

3. Appellee relies on dicta in several of our decisions to argue that a claimant, not the EEOC, must file with the deferral-state agency *before* he or she files with the EEOC to comply with the sequential filing requirement. *See* Appellee's Br. at 6–8, 13 (citing *Green Tree Credit Corp.,* 159 F.3d at 765; *Ford,* 81 F.3d at 307 n. 6; *Van Zant v. KLM Royal Dutch*

*v. City of Dallas,* 26 F.3d 610, 612–13 (5th Cir.1994) (applying 300–day period where claimant submitted charge to EEOC, and, pursuant to work-sharing agreement, EEOC accepted it on deferral-state agency's behalf); *Gilardi v. Schroeder,* 833 F.2d 1226, 1230–31 (7th Cir.1987) (holding charge was subject to 300–day limitations period where claimant filed it with the EEOC, it referred the charge to deferral-state agency, and then it acted upon the charge after state agency completed proceedings and within 300 days of the EEOC filing); *cf. Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1210–11 (3d Cir.1984) (noting applicability of 300–day limitations period when claimant filed charge only with the EEOC, but the EEOC thereafter referred charge to deferral-state agency). Indeed, the only decision we have found squarely supporting Ottaway's position was subsequently vacated and reversed. *See Dixon v. Westinghouse Elec. Corp.,* 787 F.2d 943 (4th Cir. 1986), *vacated,* 486 U.S. 1019, 108 S.Ct. 1990, 100 L.Ed.2d 222 (1988), *rev'd,* 857 F.2d 945 (4th Cir.1988).[4]

Accordingly, we hold that Tewksbury's ADA charge was subject to a 300–day limitations period and was timely filed with the EEOC.

*Airlines,* 80 F.3d 708, 712 (2d Cir.1996); *Brodsky v. City Univ. of N.Y.,* 56 F.3d 8, 9 (2d Cir.1995); *Gomes v. Avco Corp.,* 964 F.2d 1330, 1332–33 (2d Cir.1992)). None of these decisions confronted or decided the instant issue, however, and they are thus not controlling here. *See Green Tree Credit Corp.,* 159 F.3d at 765 (noting applicability of 300–day limitations period where claimant personally filed charge with deferral-state agency before filing with the EEOC); *Ford,* 81 F.3d at 307 n. 6 (same); *Van Zant,* 80 F.3d at 712 n. 1 ("[S]ince the parties agree that the 300–day period applies in this case, we will accept this as a stipulated fact."); *Brodsky,* 56 F.3d at 9 (holding that ADEA does not impose sequential filing requirement); *Gomes,* 964 F.2d at 1332–33 (assuming 300–day limitations period applied where claimant "simultaneously" filed charges with deferral-state agency and the EEOC).

4. In *Dixon,* the Fourth Circuit originally held that a claimant did not satisfy the sequential

**(b) *ADEA Charge***

 Tewksbury's ADEA charge is subject to the time limitations set forth in 29 U.S.C. § 626(d)(2). Under this provision and controlling precedent, his ADEA charge was timely filed. The ADEA requires claimants in deferral states to file their charges with the EEOC and their state agency at least sixty days before bringing a lawsuit. *See* 29 U.S.C. §§ 626(d), 633(b); *see also Brodsky v. City Univ. of N.Y.,* 56 F.3d 8, 9 (2d Cir.1995). But Section 626(d)(2) allows such claimants 300 days to file an ADEA charge with the EEOC, whether or not the charge is initially filed with the deferral-state agency. *See* 29 U.S.C. § 626(d)(2); *Reinhard v. Fairfield Maxwell, Ltd.,* 707 F.2d 697, 700 (2d Cir.1983) (holding that deferral-state claimant has 300 days to file ADEA charge with the EEOC, regardless of when charge filed with state agency); *see also Brodsky,* 56 F.3d at 9 ("The ADEA imposes no sequential filing requirement...."); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 757, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979) (same). New York is a deferral state under the ADEA because it has a law prohibiting age discrimination and the NYSDHR

filing requirement by filing a charge only with the EEOC, even though the EEOC filed the charge with the deferral-state agency and the state waived its exclusive jurisdiction period pursuant to a work-sharing agreement. *See* 787 F.2d 943. The Supreme Court granted *certiorari,* vacated the judgment without opinion, and remanded for further consideration in light of *Commercial Office Products,* 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96. *See Dixon,* 486 U.S. 1019, 108 S.Ct. 1990, 100 L.Ed.2d 222 (1988); *see also Commercial Office Prods.,* 486 U.S. at 113, 125, 108 S.Ct. 1666 (noting applicability of 300–day limitations period when the EEOC received employment-discrimination charge in first instance, referred it to deferral-state agency, and state agency later waived its right to exclusive jurisdiction period). On remand, the Fourth Circuit reversed itself, holding that the claimant's charge, filed with the EEOC 230 days after her allegedly unlawful termination, was "timely" under Section 706(e)(1). *Dixon,* 857 F.2d 945.

is empowered to remedy it. *See Brodsky,* 56 F.3d at 9. Thus, under Section 626(d)(2), Tewksbury's age discrimination charge was timely because he filed it with the EEOC within 300 days of the alleged act of discrimination, and the EEOC in turn filed the charge with the NYSDHR more than sixty days before Tewksbury brought the instant suit.

Ottaway does not contest that Tewksbury's ADEA charge was timely, but contends that he waived the argument that his ADEA charge was subject to Section 626(d)(2) instead of Section 706(e)(1) by failing to make it in the district court. Appellant disputes this, but we need not resolve the waiver issue. Even assuming that Section 706(e)(1) applies to Tewksbury's ADEA charge instead of Section 626(d)(2), Tewksbury would still have 300 days to file this charge with the EEOC for the reasons set forth in the preceding section. Accordingly, Tewksbury's ADEA charge was timely.

### (c) *State–Law Claims*

Finally, the district court dismissed appellant's complaint in its entirety, thereby implicitly declining to exercise its jurisdiction over the state-law claims. Because we reinstate appellant's federal-law claims, the district court's dismissal of the state-law claims must be reversed. *See Field v. Trump,* 850 F.2d 938, 950 (2d Cir.1988).

### CONCLUSION

We therefore reverse.