Albert J. STERLING, Plaintiff,

v.

CONTEC CORPORATION LLC, Defendant.

No. 1:04–CV–124.

United States District Court, N.D. New York.

Sept. 3, 2004.

Gleason, Dunn, Walsh & O'shea, Attorneys for Plaintiff, Albany, NY, Ronald G. Dunn, Esq., Clay J. Lodovice, Esq.

McNamee, Lochner, Titus & Williams, Attorneys for Defendant, Albany, NY, Glen P. Doherty, Esq., of Counsel.

## MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

On February 3, 2004, plaintiff Albert J. Sterling ("plaintiff") commenced this suit against defendant Contec Corporation LLC ("defendant"), alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., and the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.

Defendant answered and thereafter filed a motion for judgment on the pleadings or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff opposed, and cross-moved to amend the complaint to reflect the correct legal name of defendant. Defendant did not oppose the cross-motion.

Oral argument was heard on August 27, 2004, in Albany, New York. Decision was reserved.

## II. RELEVANT BACKGROUND

Because the basis on which defendant moves for dismissal of the complaint is primarily legal, only the facts relevant to the legal issue need be presented. The following are those facts, and they are largely undisputed.

On February 28, 2003, plaintiff—then 57 years old—was terminated by defendant from his position of Director of Management Information Systems. On October 1, 2003, he filed a charge of discrimination with the Buffalo, New York office of the United States Equal Employment Opportunity Commission ("EEOC"), alleging defendant fired him because of his age, and that his duties had been reassigned to younger persons already employed by defendant.

At the time the charge was filed, the EEOC and the New York State Division of Human Rights ("DHR") had in place a Worksharing Agreement. Under the Worksharing Agreement, it is stated that "[c]harges that are received by the [DHR] ... will be automatically dual-filed with the EEOC **and visa or versa**." (Docket No. 9, Attach. 3, Ex. B, § (2)(C)) (emphasis added). On October 9, 2003, the EEOC acknowledged receipt of the charge in which it stated, inter alia, "[p]lease be aware that we will send a copy of the charge to the [DHR] ... as required by our procedures...." Id., Ex. A. The EEOC claims that it "notified" the DHR of plaintiff's charge. The DHR, however, has no file for the charge in its electronic database.

## III. DISCUSSION

For jurisdiction to exist in this case, plaintiff must prove that he filed an administrative charge with the EEOC within 300 days of the last date on which the alleged age discrimination occurred, and that he did not commence suit in federal court until 60 days after filing a charge with the DHR. See 29 U.S.C. §§ 626(d)(2), 633(b) It is not disputed that plaintiff satisfied the first of these requirements, filing his EEOC charge roughly seven months after

he alleges he was terminated on the basis of his age. Defendant claims, however, that plaintiff has not and cannot demonstrate compliance with the second requirement, pointing to his admission that he never personally filed a charge with the DHR, and the absence of evidence that the DHR has opened a file on his charge.

Plaintiff contends that his charge must nevertheless be considered filed with the DHR because of the presence of the Worksharing Agreement, citing this Court's decision in *EEOC v. Rotary Corp.*, 297 F.Supp.2d 643 (N.D.N.Y.2003), and the Second Circuit opinion on which *Rotary Corp.* partially relied, *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322 (2d Cir. 1999). Defendant argues that both of these cases, which were focused solely on compliance with Title VII's sequential filing requirements, not the ADEA's non-sequential filing requirement, are inapplicable to the instant case.

In both *Tewksbury* and *Rotary Corp.*, some of the key Worksharing Agreement language upon which reliance was placed stated that the "EEOC's receipt of charges on the [DHR's] behalf will automatically initiate the proceedings of both the EEOC and the [DHR] for the purposes of Section 706(c) and (e)(1) of Title VII." Thus, defendant is correct that this language, repeated verbatim in the Worksharing Agreement at issue here, and therefore *Tewksbury* and *Rotary Corp.* to the extent they rely on this language, offers no help to plaintiff in proving compliance with the ADEA filing requirements.

This, however, does nothing to change the fact that both opinions unequivocally stated that the language of the Worksharing Agreement has a definitive impact on the filing requirements for claims covered therein. Here, there is no question that the Worksharing Agreement applies to age discrimination claims under the ADEA.

There is also no question that the Worksharing Agreement states that "[c]harges that are received by the [DHR] . . . will be automatically dual-filed with the EEOC *and visa or versa.*" (Docket No. 9, Attach. 3, Ex. B, § (2)(C)) (emphasis added). In other words, "[c]harges that are received by the [EEOC]," as was the case here, "will be automatically dual-filed with the [DHR]." *Id.* There is no suggestion—neither in defendant's moving papers nor in the document itself—that this language is limited to Title VII claims or excludes ADEA claims.

Defendant argues, however, that plaintiff must still offer evidence that his charge was actually filed with the DHR in order to comply with the ADEA's requirements. While the evidence in *Tewksbury* showed that the charge had actually been filed with both agencies, defendant's argument was specifically rejected in *Rotary Corp.*, where no definitive evidence existed that the EEOC had sent and the DHR had received the charge. The rejection did not depend at all upon the type of discrimination claim under consideration. Particularly, while acknowledging that some courts have required actual proof of filing, embraced was the majority view that the terms of the Worksharing Agreement control. The terms of the Agreement here mandate that plaintiff's charge with the EEOC is *automatically* filed with the DHR. Therefore, regardless of whether plaintiff's charge was *actually* filed with the DHR—and given that the EEOC told plaintiff it would forward his charge to the DHR, it may well have been—plaintiff is entitled to presume the dual filing and that EEOC officials discharged the duty required of them by the Worksharing Agreement. This is due in no small part because the agreement and the duties required therein came into existence to protect aggrieved individuals like plaintiff.

## IV. CONCLUSION

Therefore, based on the language of the Worksharing Agreement, plaintiff is considered to have filed his charge with the DHR, satisfying the ADEA's filing requirements and mandating denial of defendant's motion.

The unopposed cross-motion to amend the complaint will be granted, and the amended complaint shall be filed on or before September 10, 2004. As it appears that the amendment relates solely to correcting the legal name of defendant, a new answer is not required. Defendant's original answer will stand unless defendants elect to file an answer to the amended complaint on or before September 24, 2004.

Accordingly, it is

ORDERED that

1. Defendant Contec Corporation's motion for judgment on the pleadings, or in the alternative, for summary judgment, is DENIED; and

2. Plaintiff Albert J. Sterling's motion to amend the complaint is GRANTED.

IT IS SO ORDERED.