**Arnold MICHEL, Plaintiff,**

v.

**WESTCHESTER COUNTY and Andrew J. Spano, County Executive, Defendants.**

**No. 04 CIV. 3836(CM).**

United States District Court, S.D. New York.

Oct. 6, 2004.

Arnold Michel, Plaintiff Pro Se, Ossining.

Charlene Indelicato, Office of the Westchester County Attorney.

## ORDER DISMISSING COMPLAINT

McMAHON, District Judge.

Defendants have moved (pre-answer) to dismiss the above-captioned complaint, which alleges claims against Westchester County and its County Executive for age and disability discrimination. The motion was made on July 6, 2004. To date, no response has been received from plaintiff, who is proceeding pro se.

The Court has reviewed the motion and I agree that this action is barred by the

statute of limitations. Therefore, the motion to dismiss is granted.

■ On its face, the complaint filed by plaintiff must be dismissed. He alleges, at paragraph 5, that the alleged acts of discrimination occurred on May 7, 1998 (98/05/07) and that he first filed a charge with the EEOC in April 2004 (04/04/22). (Cplt., ¶ 5, 10). It is well settled that discriminatory events that occur prior to three hundred calendar days before the filing on an EEOC complaint are time-barred and cannot be pursued in Court. *Tewksbury v. Ottaway Newspapers,* 192 F.3d 322 (2d Cir.1999). Moreover, plaintiff alleges that he was discriminated against on the ground of his gender, age and disability status, but the copy of the EEOC charge—which he appends to his federal court complaint—does not, fairly read, allege gender discrimination, age discrimination or disability discrimination. Rather, plaintiff's recent EEOC charge alleges various "due process" violations in connection with certain employment actions that were taken against him in 1998. Such claims are not the province of an EEOC charge, as the EEOC's notice declining to exercise jurisdiction over plaintiff's matter (Amir Aff. Ex. W submitted in support of the Motion to Dismiss) clearly indicates.

Plaintiff's situation is fleshed out more fulsomely in defendants' motion papers. In 1998, plaintiff was employed by the Westchester County Department of Social Services. He had been so employed for seven years and was protected by New York's Civil Service Law. In May of 1998, the Acting Commissioner of WCDSS, exercising his discretionary authority under Civil Service Law § 72, directed that plaintiff be psychiatrically evaluated. He was placed on leave without pay pending evaluation, and would have been permitted to return to work if cleared by the examining physician. He was not so cleared—rather,

he was described as "an exquisitely paranoid individual who is on the verge of falling apart"—and so was placed on leave pursuant to CSL § 72(1) pending further evaluation. After a hearing held pursuant to the Civil Service law, hearing Officer issued a report and determination to WCDSS that plaintiff was unable to perform the duties of his job. The Commissioner of WCDSS upheld the finding.

In May 1999, plaintiff advised the County that he wished to return to work. He was reexamined on July 15, 1999. The Report issued after examination concluded that plaintiff was unable to function in his job capacity "at this time or in the near future." His request for reinstatement was denied, and on August 27, 1999, WCDSS terminated plaintiff's employment pursuant to CSL § 73, because he had been absent from work for at least a year by reason of a non-work-related disability. Although notified of his right to apply for reinstatement within a year of his termination, plaintiff did not do so.

It appears from the record that plaintiff did file a charge with the New York State Human Rights Law on May 12, 1999. (Amir Aff. Ex. S) This charge—which was not dual filed with the EEOC—alleged that plaintiff was placed on involuntary leave pursuant to Civil Service Law Section 72 because of his gender, in violation of the New York State Human Rights Law. There was no claim of age or disability discrimination. Moreover, the charge was filed prior to his termination, and so did not challenge that action. The State Division of Human Rights issued a no probable cause determination in connection with that charge in April 2002. Notably, plaintiff does not mention this charge in his complaint, let alone allege that it satisfies the requirement of administrative exhaustion applicable to charges of gender and age discrimination under federal law.

Finally (since I am constrained by plaintiff's pro se status to construe the complaint liberally), to the extent that plaintiff is challenging the actions taken by his employer (Westchester County) in 1998 and 1999 on due process grounds, he either had to file a proceeding in the New York State courts under CPLR Article 78 within 4 months of the action complained of, CPLR § 217(1), or a proceeding in this Court under 42 U.S.C. § 1983 within 3 years of the action complained of. The last action complained of took place in August 1999, so any denial of due process claim under the United States Constitution is clearly time barred, and has been for well over two years.

The complaint on its face alleges no claim whatever against County Executive Spano, and must be dismissed as to him on this ground as well.

The Clerk of the Court is directed to close the file.