**Arnold M. MICHEL, Plaintiff–Appellant,**

v.

**WESTCHESTER COUNTY, Andrew J. Spano, County Executive of Westchester County, New York Defendants–Appellees.**

**Docket No. 05–0964–CV.**

United States Court of Appeals, Second Circuit.

Sept. 30, 2005.

Arnold M. Michel, Ossining, N.Y., for Appellant, pro se.

Thomas G. Gardiner, Sr. Assistant County Attorney for Charlene M. Indelicato, Westchester County Attorney (Stacey Dolgin–Kmetz, on the brief), White Plains, N.Y., for Appellee.

Present: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

In May 2004, Plaintiff–Appellant Arnold Michel ("Michel") filed a *pro se* complaint in the district court for the Southern District of New York. In it, he alleged wrongful discharge from his employment with the Westchester County Department of Social Service ("Appellee") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.* The district court dismissed Michel's complaint, inter alia, as time barred. We assume the parties' familiarity with the relevant facts and the specification of issues on appeal.

On appeal, Appellant fails to challenge any of the grounds for the district court's decision. Instead, he raises entirely new grounds sounding in labor law and Title II of the ADA, 42 U.S.C. § 12131 *et seq.*

New arguments are not properly made for the first time on appeal. *Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). In light of Michel's failure to discuss in his brief any of the issues raised before the district court or the correctness of that court's dismissal of his complaint, we deem those issues abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995). We note moreover that no manifest injustice occurs from our decision not to hear these issues, because the district court properly found Appellant's claims time-barred. *See Tewksbury v. Ottaway Newspapers,* 192 F.3d 322, 325–26 (2d Cir.1999).

We have considered all of Appellant's claims and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.