**Feliks VISHEVNIK, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant–Appellee.**

**No. 04–1422–CV.**

United States Court of Appeals, Second Circuit.

Oct. 17, 2005.

Feliks Vishevnik, Far Rockaway, New York, for Plaintiff–Appellant, pro se.

Julian L. Kalkstein, Assistant Counsel, City of New York Corporation Counsel, New York, New York, for Defendant–Appellee.

PRESENT: WALKER, Chief Judge, HALL, Circuit Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

---

* The Honorable Richard C. Wesley recused himself prior to oral argument and took no part in the disposition of this appeal. It was decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b).

Plaintiff-appellant Feliks Vishevnik appeals from a February 17, 2004, order entered in the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge* ) dismissing his complaint of wrongful termination on the basis of national origin. We assume familiarity with the facts and procedural history. We affirm the district court's ruling.

On April 2, 1998, the Board of Education ("BOE") fired Vishevnik from his job as a Preparatory Provisional Teacher at Abraham Lincoln High School and declined to renew his BOE license. Soon after his termination, he filed a complaint in New York state court alleging that he was terminated due to discrimination. The New York courts found that Vishevnik was terminated due to insubordination and unsatisfactory performance. On February 2, 2003, he filed a complaint with the United States Department of Education for Civil Rights ("OCR"), which was referred to the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right to Sue Letter on April 10, 2003. Vishevnik then filed a civil suit in federal court.

Title VII requires that, before a civil lawsuit can be filed, an administrative charge must be filed with the EEOC or a local equivalent agency within 300 days of the alleged discriminatory acts. 42 U.S.C. § 2000e–5(e)(1); *Tewksbury v. Ottaway Newspapers,* 192 F.3d 322, 325 (2d Cir. 1999). Vishevnik's charge was not timely filed. He was terminated on April 2, 1998. He did not file a charge with the OCR until February 2, 2003, and the OCR referred Vishevnik's complaint to the EEOC on February 10, 2003. Thus, Vishevnik filed the charge almost five years after he was terminated, far beyond the 300–day deadline, and the district court correctly held that the claim is time-barred.

For the reasons set forth above, the decision of the District Court of the Southern District of New York is hereby **AFFIRMED.**