SUMMARY ORDER
We assume the parties’ familiarity with the facts, proceedings below, and specification of issues on appeal.
*459 Michael McAllister appeals from a judgment of the District Court dismissing his claims of disability discrimination and retaliation in violation of the Americans with Disabilities Act (“ADA”). We agree with the District Court that McAllister’s discrimination claim was time barred because McAllister first filed an administrative complaint with the New York State Division of Human Rights more than 300 days after his termination, the only alleged act of discrimination. See Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325 (2d Cir.1999). McAllister argues that he was entitled to wait to file his administrative charge until he learned his termination was discriminatory, but no such tolling exists given the facts as McAllister alleges them. See Miller v. Int’l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir.1985). Nor did the pendency of an arbitration proceeding toll the time limit. See Delaware State Coll. v. Ricks, 449 U.S. 250, 261, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).
McAllister failed to state a claim for retaliation because the only adverse employment action by his employer that McAllister alleges is his termination, which occurred before his protected activity, filing a charge with the administrative agency. See Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir.2002) (stating requirements for a prima facie case of retaliation including alleging facts that demonstrate a causal connection between the alleged adverse action and the protected activity). To the extent McAllister’s retaliation claim is based on the conduct of his union at his arbitration, he failed to exhaust this claim by filing an administrative complaint. See 42 U.S.C. § 12117(a) (adopting Title VII procedures for ADA claims); Fitzgerald v. Henderson, 251 F.3d 345, 358-59 (2d Cir.2001) (describing Title VII’s exhaustion requirement).
We therefore affirm the judgment of the district court.