SUMMARY ORDER

Appellant Dina John, pro se, appeals the district court’s grant of summary judgment dismissing her complaint that alleged violations of 42 U.S.C. §§ 2000e et seq., 42 U.S.C. §§ 12101 et seq., 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law. We assume the parties’ familiarity *405 •with the underlying facts, the procedural history of the case, and the issues on appeal.
We review a district court’s order granting summary judgment de novo, and ask whether the court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003).
The district court properly found John’s federal discrimination claims time-barred because John first filed an administrative complaint with the Equal Employment Opportunity Commission more than 300 days after she was notified of her termination. See 42 U.S.C. § 2000e-5(e)(l); 42 U.S.C. § 12117(a); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325 (2d Cir.1999). To the extent John argues that she should be entitled to equitable tolling, she failed to raise this argument before the district court, and, more importantly, “the pen-dency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods.” Delaware State College v. Ricks, 449 U.S. 250, 261, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).
With respect to John’s § 1981 claim, there is no evidence from which a reasonable juror could find that John was discriminated against pursuant to a municipal policy or custom. See Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir.2004).
Finally, John has not put forth any reasons warranting a departure from the general rule that where the federal claims are dismissed before trial, the state claims should be dismissed as well, and, thus, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction. See Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir.1994).
Accordingly, ■ there is no basis on which to disturb the judgment of the district court.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.