16-3064-cv
*Roy v. Buffalo Philharmonic Orchestra*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand seventeen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

PIERRE ROY,

> *Plaintiff-Appellant*,

v.                                                                 16-3064

BUFFALO PHILHARMONIC ORCHESTRA,

> *Defendant-Appellee.*

---

For Plaintiff-Appellant:          Pierre Roy, pro se, Amherst, New York.

For Defendant-Appellee:          Scott Patrick Horton, Bond, Schoeneck & King, PLLC,
                                 Buffalo, New York.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Pierre Roy, pro se, appeals from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*), entered on August 9, 2016, in favor of the Buffalo Philharmonic Orchestra ("BPO") in his suit alleging discrimination, retaliation, and failure to accommodate in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. The district court dismissed Roy's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), determining that Roy had failed to exhaust his administrative remedies by filing a timely Equal Employment Opportunity Commission ("EEOC") charge within 300 days of the alleged unlawful conduct. The district court further determined that Roy was not entitled to equitable tolling. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissals pursuant to Rule 12(b)(6) de novo. *Vasquez v. Empress Ambul. Serv., Inc.*, 835 F.3d 267, 271 (2d Cir. 2016). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

We conclude that the district court properly dismissed Roy's complaint on the ground that he filed an untimely EEOC charge. A plaintiff raising an ADA claim of discrimination must

2

exhaust all administrative remedies by filing an EEOC charge within 300 days of the alleged discriminatory conduct. *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999). Here, Roy alleged that the last instance of discriminatory conduct occurred on July 2, 2012, when he was terminated. He was thus required to file his EEOC charge by April 29, 2013. Roy alleged that he filed his EEOC charge on June 30, 2015, well beyond the 300-day period.

Roy's contention that the 300-day period should be equitably tolled on a theory of fraudulent concealment is unavailing. "The filing deadline for the formal [EEOC] complaint is not jurisdictional and, like a statute of limitations, is subject to equitable tolling." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). "[E]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Id.* (internal quotation marks, alterations, and citations omitted). One such exceptional circumstance occurs when the "plaintiff [i]s unaware of his or her cause of action due to misleading conduct of the defendant." *Id.* This theory of fraudulent concealment warrants equitable tolling if the plaintiff can "show that it would have been impossible for a reasonably prudent person to learn that" the defendant's conduct was discriminatory. *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985). Roy, however, had sufficient information to know of his cause of action. He alleged that he was terminated after he told the BPO of his disability and alleged instances of discriminatory harassment. The court thus properly declined to equitably toll the 300-day period.

In addition, Roy was not entitled to equitable tolling because of an alleged delay by the BPO in arbitration proceedings. "[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods."

3

*Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980). Consequently, any delay caused by the arbitration proceedings did not warrant equitable tolling. The district court thus properly dismissed Roy's complaint pursuant to Rule 12(b)(6).

We have considered Roy's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4