Aleksandre I. CHIMAREV,

v.

**TD WATERHOUSE INVESTOR SERVICES, INC.,**
**Defendants.**

**No. 01 Civ. 7120(VM).**

United States District Court,
S.D. New York.

Dec. 3, 2002.

Aleksandre I. Chimarev, Brooklyn, NY, pro se.

Kenneth Kirschner, Kelley, Drye & Warren, L.L.P., New York City, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Aleksandre I. Chimarev ("Chimarev"), proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 ("Title VII"), and the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), as well as unspecified sections of the Civil Rights Act of 1991, the Labor Management Relations Act of 1947, and various other state and federal laws. He alleges ten causes of action relating to the termination of his employment from TD Waterhouse Investor Services, Inc. ("Waterhouse"). Chimarev has moved to amend his complaint, originally filed on July 23, 2001, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP"), to add one claim for age discrimination under the Age Discrimi-

nation in Employment Act, 29 U.S.C. § 621 ("ADEA") and a second claim for defamation. For the reasons set forth below, the motion is denied.

## I. BACKGROUND [1]

After this action was originally filed in the Supreme Court of the State of New York, County of New York, it was removed in August 2001 to this Court. A scheduling order and case management plan was issued on September 28, 2001 ("Scheduling Order"), in accordance with FRCP 16, directing the parties to file amended pleadings without leave of the Court by October 12, 2001 and requiring the completion of discovery by March 1, 2002.[2] Discovery has proceeded in this case for approximately one year, under the supervision of Magistrate Judge Gabriel W. Gorenstein since April 12, 2002, culminating in an order issued by him on September 26, 2002 denying in part and granting in part a motion filed by Chimarev to compel Waterhouse to respond to interrogatories and produce certain documents.[3]

Magistrate Judge Gorenstein's order denied Chimarev's request that Waterhouse produce "age-related" documents because Chimarev's complaint was devoid of any reference to age discrimination. The Magistrate Judge granted Chimarev permission to file a motion to amend the complaint, if he chose to do so, by October 11, 2002.

Chimarev now seeks leave to amend his Complaint in order to (1) specify age dis-

---

**1.** The brief factual summary that follows derives primarily from Plaintiff's Memorandum in Support of Motion to Amend the Complaint, dated October 7, 2002 ("Pl.'s Mem."), Plaintiff's Complaint and Demand for Jury Trial, dated July 23, 2002 ("Complaint") and Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint ("Def.'s Mem."). Except where specifi-

cally referenced, no further citation to these sources will be made.

**2.** The Scheduling Order is attached as Exhibit 3 to the Affirmation of Jonathan Stoler, dated October 25, 2002.

**3.** Magistrate Judge Gorenstein's order is attached as Exhibit 7 to the Affirmation of Jonathan Stoler, dated October 25, 2002.

crimination as the particular form of discrimination embodied in the broad heading in the first cause of action "Unlawful Discrimination against Plaintiff on the Workplace"; and (2) add a new cause of action for defamation of Chimarev's "professional qualifications and reputation as a false pretext to veil discriminatory treatment in termination" that Chimarev contends came to light "in the course of the legal proceedings." Chimarev contends that these amendments merely conform the pleadings to the evidence and that justice requires that Chimarev be allowed to make these amendments.

Waterhouse counters that Chimarev's motion should be denied because Chimarev's age discrimination and defamation claims are futile. Alternately, Waterhouse contends that Chimarev's motion should be denied because this motion was filed, without offering satisfactory explanation for the delay, one year and three months after the complaint was initially filed and more than seven months after discovery closed. Waterhouse also contends that the inordinate delay in moving to amend the complaint would severely prejudice Waterhouse because it would be required to devote substantial additional resources to discovery, motion practice, and pretrial preparation.

## II.  DISCUSSION

### A.  THE STANDARD FOR A MOTION TO LEAVE TO AMEND

Generally, leave to amend under FRCP 15(a) should be granted freely "when justice so requires," and amendment is typically permitted. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Nerney v. Valente & Sons Repair Shop,* 66 F.3d 25, 28 (2d Cir.1995). However, a motion to amend may be denied, at the discretion of the district court, because of futility of the amendment, undue delay on the part of the movant, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed or undue prejudice to the opposing party by virtue of allowance of the amendment. *See Foman,* 371 U.S. at 182, 83 S.Ct. 227; *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir.1994). A proposed claim is futile only if it is clearly frivolous or legally insufficient on its face. *Saxholm AS v. Dynal Inc.,* 938 F.Supp. 120, 124 (E.D.N.Y.1996). But when there is no merit in proposed amendments, leave to amend should be denied. *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990); *Friedman v. Chesapeake & Ohio Ry. Co.,* 261 F.Supp. 728, 734 (S.D.N.Y.1966), *aff'd,* 395 F.2d 663, 664 (2d Cir.1968); *Yaba v. Cadwalader, Wickersham & Taft,* 931 F.Supp. 271, 274 (S.D.N.Y.1996) (denying leave to amend where new claims are futile.)

In this case, Chimarev's motion to amend is denied because both of his requested amendments are futile. The Court will discuss the futility of each of the proposed amendments in turn.

### B.  AGE DISCRIMINATION CLAIM

■ Chimarev seeks to amend his complaint to specify age discrimination, as well as national origin, as the particular forms of harassment he underwent while employed at Waterhouse and which ended with his termination. Although Chimarev claims that such a specification only details the claims already stated, and simply conforms the complaint to the evidence, he also seeks to add that such age discrimination violates the Age Discrimination Employment Act of 1967 ("ADEA"), which alleged violation was not alleged in his original complaint. (*Compare* Chimarev's Proposed Amended Complaint, dated October 11, 2002 and Complaint ¶ 6A.) Since age discrimination is a cause of action as-

serted under the ADEA, not Title VII or the other statutes referenced by Chimarev, Chimarev is clearly seeking to add this cause of action.

As a prerequisite for bringing an action under the ADEA, a plaintiff must first exhaust administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and designated state or local agency. In accordance with 29 U.S.C. § 626(c), no person can bring a suit in federal or state court under the ADEA until he has first resorted to the appropriate administrative proceedings. *See Oscar Mayer v. Evans,* 441 U.S. 750, 754–755, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). In "deferral states", a plaintiff must file charges with the EEOC and a designated state agency at least sixty days before bringing a lawsuit.[4] *Tewksbury v. Ottaway Newspapers,* 192 F.3d 322, 328 (2d Cir.1999) (citing 29 U.S.C. §§ 626(d), 633(b)); *Brodsky v. City Univ. of N.Y.,* 56 F.3d 8, 10 (2d Cir.1995). New York is a deferral state under the ADEA because it has a law prohibiting age discrimination and the NYSDHR is empowered to remedy it. *Tewksbury,* 192 F.3d at 328. Furthermore, a charge of age discrimination must be filed with the EEOC within 300 days of the alleged act of discrimination. *See Tewksbury,* 192 F.3d. at 328 (2d Cir. 1999); *Brodsky,* 56 F.3d at 10. Therefore, Chimarev was required to have filed his ADEA claim with the EEOC and the NYSDHR or the New York City Commission on Human Rights ("NYCCHR"), and exhausted the appropriate administrative remedies available to him, before filing a lawsuit.

Chimarev conceded at his deposition that he never filed a charge of discrimination under any basis with the EEOC or a state administrative agency prior to filing his complaint. (*See* Deposition of Aleksandre I. Chimarev, dated Dec. 4, 2001, attached as Exhibit 4 to Jonathan Stoler's Affirmation ("Chimarev Dep."), at 19–20.) Furthermore, since the 300–day statute of limitations period has since expired, Chimarev may not now file his ADEA claim with the EEOC and refile an ADEA claim at a later date.

Therefore, Chimarev's ADEA claim is barred by his failure to exhaust his administrative remedies in that he did not file his claim at the EEOC and the designated state or local agency before commencing the instant lawsuit. Accordingly, the Court denies to grant Chimarev's request for leave to amend his complaint to include a claim of age discrimination under the ADEA because such an amendment would allege a claim that is futile.

## C. *DEFAMATION CLAIM*

█ Similarly, Chimarev's defamation claim is futile because it lacks merit as a matter of law. It is well settled that statements made by parties and their attorneys in the context of legal proceedings are absolutely privileged if they are pertinent to the litigation. *See O'Brien v. Alexander,* 898 F.Supp. 162, 170 (S.D.N.Y.1995), *aff'd in relevant part,* 101 F.3d 1479 (2d Cir.1996); *Lipin v. Nat'l Union Fire Ins.,* 202 F.Supp.2d 126, 127 (S.D.N.Y.2002) ("Because the allegedly defamatory statement was made in the course of a legal proceeding to which it was pertinent,

4. The EEOC regularly refers cases to the appropriate state agency, which in New York is the State Division of Human Rights ("NYSDHR"). Therefore, if a litigant initiates a discrimination charge with the EEOC, the NYSDHR proceeding is considered to formally begin. *See Tewksbury,* 192 F.3d at 327; 29 C.F.R. § 1626.10(c) (charges received by one agency under a work-sharing agreement, which the EEOC has with the NYSDHR, are considered to have been received by the other agency for purposes of determining the timeliness of the charge.)

Plaintiff fails to state a claim for defamation . . .") "The concept of pertinent material is 'extremely broad' and 'embraces anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." *Lipin,* 202 F.Supp.2d at 137 (citing *O'Brien,* 898 F.Supp. at 171). This rule serves a vital purpose. It is in the interest of the administration of justice that parties should be able to speak freely during judicial proceedings without fear of defamation suits. *See Id.; Mosesson v. Jacob D. Fuchsberg Law Firm,* 257 A.D.2d 381, 683 N.Y.S.2d 88, 89 (App. Div. 1st Dep't 1999).

Chimarev seeks leave to add a claim for defamation because of "repeated false and defamatory statements" alleging Chimarev's " 'lack of professionalism and poor performance' " as a "pretext for discriminatory treatment and termination . . ." (Pl.'s Mem. at 2). Chimarev asserts that Waterhouse has made these statements in the context of the current litigation: "[b]ecause of lack of substantial defense arguments and any viable defense, Defendant has resorted to repeated false and defamatory statements . . ." (*Id.*) In fact, Chimarev states that he seeks to add this new cause of action because it came to light "in the course of the legal proceedings." (*Id.*) Any statements made by Waterhouse in its

defense within the legal proceedings of this case pertinent to the litigation, under a very broad understanding of pertinence, are absolutely immune from defamation suits. Therefore, because Chimarev asserts that Waterhouse's alleged defamation of his professional performance occurred the context of legal proceedings and in the defense of the claims he has brought against Waterhouse, Chimarev's allegations are insufficient as a matter of law and therefore futile.[5]

### III. ORDER

Accordingly, and for the reasons stated above, it is hereby

**ORDERED** that Plaintiff's Motion to Amend the Complaint is denied.

**SO ORDERED.**

---

**5.** Based on Chimarev's Memorandum of Law, the Court understands that the defamatory statements alleged by Chimarev to have been made by Waterhouse occurred in the process of discovery, in response to interrogatories, or otherwise in connection with the legal proceedings of this case. However, in light of Chimarev's *pro se* status, if Chimarev has sufficient grounds to believe that defamatory statements were made to persons "wholly unconnected" to and for reasons unrelated to the defense of the lawsuit in question, and therefore failing outside of the scope of the absolute privilege afforded to statements made within a legal proceeding, then Chimarev should clearly so specify in a subsequent

request for leave to file a motion to amend pursuant to FRCP 15(a). *See O'Brien,* 898 F.Supp. 162 at 171 n. 13; *Schulman v. Anderson, Russell, Kill & Olick,* 117 Misc.2d 162, 458 N.Y.S.2d 448, 453 (N.Y.Sup.Ct.1982) (communication directed to persons wholly unconnected to the lawsuit in an alleged effort to elicit information and identify potential witnesses, is subject to qualified, but not absolute immunity.) However, the Court notes that the absolute privilege is very broad and that if the alleged defamatory statements were made in defense of claims brought by Chimarev, it would be for Chimarev to state a claim that avoids this immunity.