Jeffrey **HAMMER**, Plaintiff,

v.

**AMAZON.COM**, Defendant.

No. CV 03–4238(JS).

United States District Court, E.D. New York.

Sept. 27, 2005.

2. For purposes of this table, the court uses the $95 figure.

Jeffrey Hammer, Pro Se, Oceanside, NY, for Plaintiff.

Heather J. Windt, Friedman Kaplan Seiler & Adelman LLP, New York, NY, for Defendant.

### MEMORANDUM & ORDER

SEYBERT, District Judge.

On August 21, 2003, Plaintiff Jeffrey Hammer ("Plaintiff") commenced this action in New York State Supreme Court, Nassau County against Defendant Amazon.com (Defendant, or "Amazon"). The action is closely related to an action that was previously commenced in the Eastern District of New York, *Hammer v. Trendl*, but was dismissed for lack of personal jurisdiction. No. 02–CV–2462, 2003 WL 21466686 (E.D.N.Y. Jan.18, 2003).

Pending before the Court are Plaintiff's motions for: (1) recusal; (2) partial remand of this matter to state court; and (3) leave to amend the Complaint. Also pending before the Court are Amazon's mo-

tions: (1) to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) for a permanent injunction: (i) enjoining Plaintiff from commencing any subsequent actions in federal court relating to or arising out of review of his books on Amazon.com, or Amazon.com's refusal to do business with him; and (ii) requiring Plaintiff to append a copy of the Court's injunction to any further complaint, whether filed in federal or state court; and (3) civil contempt sanctions.

For the reasons explained below, the Court DENIES each of Plaintiff's motions for recusal, partial remand, and for leave to amend the Complaint; GRANTS Amazon's motion to dismiss the Complaint; GRANTS in part and DENIES in part Amazon's motion for a permanent injunction; and DENIES Amazon's motion for civil contempt sanctions.

### BACKGOUND

■ The following facts, gleaned from the Complaint, are deemed true and are construed in a light most favorable to the Plaintiff for the purposes of this motion. *See King v. American Airlines*, 284 F.3d 352, 356 (2d Cir.2002). In addition, the Court recognizes that Plaintiff is proceeding *pro se*, and affords the Complaint its most liberal construction. *See Cardenas–Argudo v. Goord*, No. 04–CV–2348, 2005 WL 578318 at *1 (E.D.N.Y. March 11, 2005). The pertinent facts may be summarized as follows.

Plaintiff is a self-published author who entered into an agreement with Amazon that allowed him to sell his books on its website. Plaintiff claims that, between the years 1999 and 2002, he published five books. (Compl.4.) According to Plaintiff, three of the books are "top books on the subject of handwriting analysis," and "the two of the books are on hypnosis." (*Id.*)

It is undisputed that Anthony Trendl, ("Trendl"), a resident of Illinois, placed unfavorable reviews of Plaintiff's books on Amazon's website. A substantial portion of the Complaint details Trendl's unfavorable reviews and speculates on Trendl's purported motive in posting such comments. (*See, e.q.,* Compl. ¶¶ 5–18, 26, 28, 33–39, 42, 51–57–62.) In addition, Plaintiff attaches Trendl's reviews to the Complaint.

Plaintiff claims that Amazon was aware of the unfavorable reviews and "should have removed [Trendl] from their system[,] but they refused and uped [sic] his ranking as a top book reviewer." (Compl.¶ 22.) In addition, Plaintiff claims that "reviews" of parties become the property of "Amazon.com upon submission" and "Amazon.com clearly becomes a party to these attack essays by allowing [Trendl] to alter [sic] attack essays." (*Id.* ¶¶ 29, 30.) In short, Plaintiff contends that Amazon.com is colluding with Trendl.

On March 3, 2002, Plaintiff sent Trendl a letter threatening future litigation if Trendl "did not stop libeling Plaintiff on Amazon.com." (Compl.¶¶ 54–55) On April 23, 2002, Plaintiff took legal action against Trendl by commencing the aforementioned, *Hammer v. Trendl*, 02–CV–2462, in the Eastern District of New York (hereinafter, the "Trendl Action").

In September 2002, Amazon, in response to numerous complaints from Plaintiff concerning Trendl's reviews, and the commencement of the civil action against Trendl, removed Plaintiff's book from its website. (*Id.* ¶¶ 66–70, 76.) Plaintiff was previously informed of the possibility that Amazon might take such action in a July 1, 2002 letter authored by David Zapolsky, Vice–President of Litigation and Regulation at Amazon. The letter, essentially, informed Plaintiff that: (1) it would not take Trendl's comments down; (2) Plain-

tiff's lawsuit against Trendl was meritless; (3) Amazon would provide Trendl with counsel to defend the Trendl Action; and (4) if Plaintiff did not agree to dismiss the Trendl Action with prejudice, Amazon would remove Plaintiff's books from their website. (*Id.* ¶¶ 109–19.) Plaintiff, did not accede to Amazon's requests.

According to Plaintiff, the removal of the web page where his books were displayed on the Amazon website constituted: "theif [sic] of personal property;" "cyber-jack[ing]" of his website; robbery; violation of his copyright; deprivation of his "right to freedom of speech;" discrimination; violation of "normal business practices;" anti-competitive conduct/violation of consumer's rights. (*Id.* ¶¶ 77–80, 103, 129, 140.) In addition, Plaintiff claims that Amazon breached its contract with him. (*Id.* ¶ 131.)

As described above, Amazon provided counsel to Trendl to defend the Trendl Action. Plaintiff alleges that, had Amazon not obtained Trendl counsel to assist the defense of the Trendl Action, Plaintiff would have recovered a default judgment of $5 million. (*Id.* ¶¶ 155, 190.3.) In addition, Plaintiff speculates that "if the matter . . . would have been allowed to go to trial, the plaintiff would have won and Mr. Trendl would have lost! (Big time!)." (*Id.* ¶ 154.)

Plaintiff's Complaint may fairly be summarized as alleging claims for: (1) defamation; (2) violation of the copyright laws; (3) breach of contract; (4) violation of his First Amendment Rights; (5) discriminatory business practices/violation of the antitrust laws; and (6) conversion. (*Id.* ¶ 156.)[1] Plaintiff requests injunctive relief, and over $100 million in damages.

*DISCUSSION*

As explained above, there are six motions pending before the Court: Plaintiff's motions for: (1) recusal; (2) partial remand; and (3) leave to amend the Complaint; and Defendant's motions (4) to dismiss the Complaint; (5) for a permanent injunction; and (6) for civil contempt sanctions. The Court addresses each motion in turn.

## I. *Plaintiff's Recusal Motion*

■ As a preliminary matter, the Court DENIES Plaintiff's recusal motion. Plaintiff bases his motion upon his purported lack of access to the Court and this Court's Order dated April 26, 2005 ("April 2005 Order"). Neither basis provides adequate grounds for recusal.

First, despite Plaintiff's protestations, this Court has provided Plaintiff with more than adequate access to the Court. The Court has given all of Plaintiff's filings due consideration and addressed them accordingly. To the extent that the Court has been forced to limit the extent of Plaintiff's applications, such limitations are within this Court's purview.

Plaintiff's other objections amount to nothing more than dissatisfaction with the Court's April 2005 Order. Such grounds do not warrant recusal. *See U.S. v. Int'l Bus. Machs. (In re IBM),* 618 F.2d 923, 929 (2d Cir.1980).

## II. *Plaintiff's Motion To Remand*

■ Plaintiff moves to partially remand this matter back to New York State Supreme Court. The only portion of the instant action that Plaintiff wishes to remain before this Court concerns his claim

---

**1.** Any other "claims" contained in the Complaint are either: (1) not cognizable as plead in a civil action; or (2) not cognizable at law.

for cyberpiracy—the claim that Plaintiff is seeking to add in his motion to Amend the Complaint. After considering all of Plaintiff's permitted submissions on this issue, the Court hereby DENIES Plaintiff's partial remand motion because there are two adequate and independent grounds for removal of the instant action.

First, there is diversity of citizenship between the Parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332, 1441(b); (Compl.¶¶ 1, 2, 179, 180.) Specifically, Plaintiff is a citizen of the State of New York (Compl.¶ 1) and Amazon is incorporated under the laws of the State of Delaware, with its headquarters in the State of Washington. (*Id.* ¶ 2; Windt Affirm. ¶ 7.) The amount at stake clearly exceeds the $75,000 threshold as Plaintiff alleges damages for $105,174,500.00. (Compl.¶ 191.)

Second, the Complaint raises claims that implicate this Court's federal question jurisdiction. Specifically, the Complaint alleges claims of copyright violations (*see, e.g., id.* ¶¶ 79–80, 135–36, 156(18)), antitrust violations (*see, e.g., id.* ¶¶ 129, 156) and First Amendment violations. (*See, e.g., id.* ¶¶ 103, 140, 156(10)(16).) Such claims form an adequate basis for removal of the instant action. *See* 28 U.S.C. §§ 1331, 1441(b). Moreover, § 1441(c) provides that the entire action, including Plaintiff's state law claims, may be entertained by this Court. 28 U.S.C. § 1441(c).

Accordingly, Plaintiff's motion to remand is DENIED. Because the Court concludes that the Complaint, as plead, established this Court's removal jurisdiction, the Court does not reach the relevance of Plaintiff's cyberpiracy claims.

### III. *Plaintiff's Motion For Leave To Amend*

■ Finally, Plaintiff moves to amend the Complaint to include claims for cyber-

piracy pursuant to 15 U.S.C. § 1129. Defendant claims that Plaintiff's request must be denied as futile. After reviewing Plaintiff's factual allegations concerning this action and considering Plaintiff's purported cyberpiracy claim, the Court agrees with Defendant and DENIES Plaintiff's motion. *See Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is likely to be unproductive, . . . it is not an abuse of discretion to deny leave to amend.")

■ A proposed claim may be labeled futile only where it is clearly "frivolous or legally insufficient on its face." *Chimarev v. TD Waterhouse Investor Servs., Inc.,* 233 F.Supp.2d 615, 617 (S.D.N.Y.2002). Such is the case with Plaintiff's cyberpiracy claims. The cyberpiracy statute provides in pertinent part:

(A) Civil liability

Any person who registers a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's consent, with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party, shall be liable in a civil action by such person.

15 U.S.C.A. § 1129.

Despite Plaintiff's assertions that this is the "precedent case of cyberpiracy governed by Admiralty law," he has failed to plead—nor has he given any indication that he would be able to plead—any facts demonstrating that the statute is pertinent to his claims. Most notably, Plaintiff does not allege that Amazon has attempted to "register a domain name" similar to Plaintiff's name. Rather, Plaintiff claims that Amazon, at most, took a link that would provide access to his website off of its own domain.

Accordingly, Plaintiff's motion for leave to amend the Complaint to add a claim for cyberpiracy is DENIED.

## IV. *Amazon's Motion To Dismiss*

Amazon moves to dismiss all of Plaintiff's claims, and, in light of their purportedly insubstantial nature, requests that the dismissal be with prejudice. For the reasons explained below the Court agrees.

### A. *Standard Of Review On A Motion To Dismiss*

A district court should grant a motion to dismiss only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with allegations.' " *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the plaintiff and accept these factual allegations as true. *H.J. Inc.,* 492 U.S. at 249, 109 S.Ct. 2893; *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 165, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (noting the Federal Rules' liberal system of notice pleading).

In deciding a motion to dismiss, the district court's duty "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir. 2000); *see also Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). The appropriate inquiry, therefore, is not whether a plaintiff's claims are ultimately meritorious, but whether the plaintiff is entitled to offer evidence to support them. *See Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123–24 (2d Cir.1991) (plaintiff is not compelled to prove his or her case at the pleading stage).

 Additionally, a plaintiff is not required to set out in detail the facts upon which he or she bases a claim. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A plaintiff need only give a statement of his or her claim that will give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Id.* Therefore, where a complaint is filed that charges each element necessary to recover, the dismissal of the case for failure to set out evidential facts can seldom be warranted. *See U.S. v. Employment Plasterers Ass'n,* 347 U.S. 186, 189, 74 S.Ct. 452, 98 L.Ed. 618 (1954). "Moreover, pleadings are more liberally construed where, as here, 'the plaintiff alleges civil rights violations....' " *Tsai v. Rockefeller Univ.,* 137 F.Supp.2d 276, 280 (S.D.N.Y.2001) (quoting *Cruz v. Gomez,* 202 F.3d 593, 596 (2d Cir.2000) (quoting *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998))).

However, allegations that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which a plaintiff complains are meaningless as a practical matter and, as a matter of law, are insufficient to state a claim. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987).

### B. *Defamation Claims*

 Without discussing the alleged complicity of Amazon and Trendl, Plaintiff's defamation claims must be dismissed because they are predicated upon statements that cannot be construed as anything but opinion. *See Levin v. McPhee,* 119 F.3d 189, 196 (2d Cir.1997) (explaining that a claim for defamation may not be predicated upon opinion statements).

█ It is well established that "[a] statement of pure opinion is not actionable" in a defamation action. *Belly Basics. Inc. v. Mothers Work, Inc.,* 95 F.Supp.2d 144, 145 (S.D.N.Y.2000). In discerning whether a statement is fact or opinion, a court assesses: "(1) whether the challenged statements have a precise and readily understood meaning; (2) whether the statements are susceptible of being proven false; and (3) whether the context signals to the reader that the statements are more likely to be expressions of opinion rather than fact." *Id.*

> As explained in *Hammer v. Trendl:*
>
> the statements contained in [Trendl's] book reviews are expressions of pure opinion and are therefore protected. [Trendl's] statements appear in the context of a book review under the heading "Reviews." As such, the average person understands that such reviews are the reviewer's interpretation and not "objectively verifiable" false statements of facts. Accordingly, because [Trendl's] reviews are merely his personal opinion about the plaintiff's books, the Court finds that the plaintiff fails to prove a likelihood of success on the merits with respect to his defamation claim.

*Trendl,* 2003 WL 21466686 at *3. While the procedural context of Judge Arthur D. Spatt's decision was different, and Amazon was not a party to the *Trendl* action, the speech at issue is the same; and Judge Spatt's reasoning applies with equal force to the instant case. Accordingly, Plaintiff's defamation claims are hereby DISMISSED.

### C. *Copyright Claims*

█ There are two elements to a copyright claim: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Williams v. Crichton,* 84 F.3d 581, 587 (2d Cir.1996).

█ Here, Plaintiff's copyright claims must be dismissed because there is no allegation that anyone copied his work. *See Trendl* 2003 WL 21466686 at *3. The only allegations that are arguably relevant to this claim concern the fact that a graphic depicting Plaintiff's book cover was linked to a page where Trendl's comments were posted. First, the Court fails to see how this constitutes copying. Second, the Court fails to see how Amazon's use of the cover art of one of Plaintiff's titles on its web page was not a use expressly authorized by Plaintiff. Plaintiff contracted to sell his book on Amazon. Amazon displayed the cover of the book on its web site. It is impossible for this Court to comprehend how such an act constitutes an infringement of Plaintiff's copyright.

Accordingly, Plaintiff's copyright claims are hereby DISMISSED.

### D. *Breach Of Contract Claims*

█ Plaintiff's breach of contract claims must also be dismissed because, pursuant to the unambiguous terms of the "on-line contract" between Amazon and Plaintiff, the Parties agreed that the contract could be terminated, by either party, with or without cause, and that Amazon could terminate the contract by "giving written notice ... effective immediately." (Windt Aff. Ex. 2.) [2]

The Court notes that, with respect to Plaintiff, Amazon did more than it was obligated to do pursuant to the contract. As Plaintiff alleges, Amazon contacted Plaintiff, gave him advance notice of its

**2.** The Court may consider the terms of the "on-line contract" because it is incorporated by reference into the Complaint. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002); *Mitchell v. Home,* 377 F.Supp.2d 361, 367 (S.D.N.Y.2005).

disagreement with his conduct and gave him a choice between the prosecution of the Trendl Action, and the loss of ability to market books through Amazon. When Plaintiff opted for the former, Amazon simply exercised its right to terminate.

### E. *First Amendment Claims*

██ As aptly pointed out by Amazon, the First Amendment does not regulate the conduct of private parties. In other words, a party may not allege a constitutional violation without alleging the conduct of a state actor. *See Loce v. Time Warner Entertainment Advance/Newhouse P'shp,* 191 F.3d 256, 266 ("The First Amendment applies only to state actors."); *Jensen v. Farrell Lines, Inc.,* 625 F.2d 379, 384 (2d Cir.1980).

██ Because Plaintiff has failed to allege any state action, his First Amendment claims are, hereby DISMISSED.

### F. *Discriminatory Business Practices*

██ Plaintiff claims that, based upon Amazon's substantial share of the internet book sales market, its failure to sell his books constitutes discriminatory business practices. The claim appears to arise under the antitrust laws—specifically the Sherman Act Sections 1 and 2. *See* 15 U.S.C. §§ 1,2.

██ However, it is well-established that a business has a "right to deal, or refuse to deal, with whomever it likes, as long as it does so independently." *Monsanto Co. v. Spray–Rite Service Corp.,* 465 U.S. 752, 761, 104 S.Ct. 1464, 79 L.Ed.2d 7751469 (1984); *see also Diamond v.*

*World News Corp.,* 542 F.Supp. 887, 888 (S.D.N.Y.1982) ("A defendant's unilateral decision not to deal with a particular customer is not a violation of [the Sherman Act]"). Moreover, this is not a case where a defendant is attempting to preclude a plaintiff from entering a product market, refusing to deal with a plaintiff, or otherwise attempting to establish a monopoly through its conduct. *See Int'l Railways of Central America v. United Brands Co.,* 532 F.2d 231, 239 (2d Cir.1976) (explaining that "specific intent to monopolize" must be alleged in support of a § 1 Sherman Act claim, and that, in a § 2 Sherman Act claim a Plaintiff must allege that the "defendant had a deliberate or willful purpose to exercise monopoly power.")

Accordingly, Plaintiff's claim for discriminatory business practices is DENIED.

### G. *Conversion*

██ The nature of Plaintiff's conversion claim is difficult to decipher. According to Plaintiff, the property that was "converted" was the web-page on Amazon's website where people could purchase Plaintiff's book. Without addressing Plaintiff's far-flung conversion theory,[3] the Court finds Plaintiff's conversion claim precluded because it is simply a re-styled contract claim.

██ It is well established that "a contract claim may not be pleaded as a tort claim unless a legal duty independent of the contract itself has been violated." *Liberty Mut. Ins. Co. v. York Hunter, Inc.,*

---

**3.** Conversion, as explained by New York courts, is the "denial or violation of the plaintiff's dominion, rights, or possession." *In re Chateaugay Corp.,* 10 F.3d 944, 957 (2d Cir. 1993). Here, the Court fails to see how Plaintiff had any dominion or right to possess the web page where his books were sold. Indeed, as pointed out by Amazon, to engage in such logic would require a finding that an author would "own[ ] the shelf that sold his books in a store," by virtue of their mere display. (Def.'s Mem. of Law in Support of Amazon's Mot. to Dismiss at 13.)

945 F.Supp. 742, 749 (S.D.N.Y.1996) (citing *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987)); *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 551–52, 593 N.E.2d 1365, 583 N.Y.S.2d 957 (1992). Otherwise, such a claim is subsumed into a plaintiff's contract action, as it is not predicated upon any duties beyond those established by the contract.

Here, the only duty arguably implicated by Plaintiff's conversion claim is Amazon's purported duty to maintain a web page where Plaintiff's book was sold. Such a duty is entirely predicated upon the existence of the "on-line contract."

Accordingly, Plaintiff's claim for conversion is hereby DISMISSED.

### H. *Dismissal With Prejudice*

Notwithstanding Plaintiff's *pro se* status—which he repeatedly invokes as a sword that ostensibly precludes a party from any adverse rulings in a civil action—the Court DISMISSES this action WITH PREJUDICE. The Court has reviewed the Plaintiff's allegations and, importantly, finds that Plaintiff can prove no set of facts in support of his claims. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). Specifically, the Court finds that the Complaint alleges little more than the fact that Plaintiff has difficulty accepting criticism about his published works. Accordingly, the Complaint is hereby DISMISSED WITH PREJUDICE.

### V. *Amazon's Motion For A Permanent Injunction*

 Amazon requests that this Court issue a permanent injunction: (1) enjoining Plaintiff from commencing any subsequent action in federal court relating to or arising out of review of his books on Amazon.com, or Amazon.com's refusal to do business with him; and (2) requiring Plaintiff to append a copy of the Court's injunction to any further complaint, whether filed in federal or state court, so that any such court "may take judicial notice of matters relevant to new litigation brought by him." *In re Martin–Trigona*, 737 F.2d 1254, 1263 (2d Cir.1984).

Based on Plaintiff's well-established vexatious conduct in this litigation and the other matter he commenced in relation to the comments issued by Anthony Trendl, and the costs and expense imposed upon Amazon in contesting Plaintiff's manifold applications, the Court GRANTS the first portion of Defendant's request. *see Hammer v. Trendl*, Nos. 04–CV–3222, 04–CV–3246 (2d Cir. Dec. 23, 2004) ("this order was entered after a prior warning about frivolous litigation had gone unheeded") *Hammer v. Amazon*, No. 04–CV–2516 (2d Cir. Sept. 9, 2004) ("[Plaintiff] has demonstrated an uncontrollable propensity repeatedly to pursue vexatious and harassing litigation" (quotations omitted)); April 2005 Order ("Plaintiff has established himself as the standard-bearer for vexatious litigation"); (Def.'s Mem. of Law in Support of its Mot. for a Permanent Injunction Barring Plaintiff From Filing Future Lawsuits, at 3–14, Exs. 1, 2). With respect to the second request, however, the Court finds that Plaintiff has not established himself as so litigious that such relief would be required.

Accordingly, Amazon's request for a permanent injunction is GRANTED in part, and DENIED in part.

### VI. *Motion For Civil Contempt*

 On April 29, 2005, Defendant filed a motion requesting that Plaintiff be held in civil contempt for violating an order that Judge Spatt issued, on the record, at a June 2, 2004 hearing (the "June Order"). The June Order directed Plaintiff to re-

frain from contacting Amazon directly; and required Plaintiff to direct all communications to Amazon's counsel. (Windt Affirm., Ex. 3 at 14–15.) As proof of Plaintiff's violation of the June Order, Amazon has supplied the Court with a copy of a "demand letter," dated April 11, 2005, directed to the attention of Amazon's legal department. (Windt Affirm., Ex. 4.) The letter makes clear that Plaintiff is writing under the belief, perhaps ill-founded, that "no order is being violated." (*Id.*)

A finding of civil contempt is appropriate where three elements have been proven: (1) a court's order was clear and unambiguous; (2) proof of non-compliance is clear and convincing; and (3) the defendant has not diligently sought to comply in a reasonable manner. *See Perez v. Danbury Hosp.,* 347 F.3d 419, 424–25 (2d Cir. 2003).

Here, the June Order was clear and unambiguous, but it was not docketed in this action. The docket sheet for *Hammer v. Amazon,* No. 03–CV–4238, does not indicate that any order was issued on June 2, 2004. Rather, the June Order and the notation of proceedings are listed on the docket in the related case, *Hammer v. Trendl,* No. 02–CV–2462. (*See* Windt Affirm., Ex. 3. (listing the caption of the proceedings as *"Hammer v. Trendl,"* and including a civil docket 02–2462)). While a review of the record makes clear that the subject matter of this action was discussed at the June 2, 2004 hearing (*id.* at 11.), there is no entry of any order on the docket for this action. Further, unlike Judge Spatt's "one-page letter requirement," which was expressly adopted by this Court pursuant to an Order dated September 15, 2004, the June Order was not expressly adopted by this Court. Under such circumstances, and in light of Plaintiff's *pro se* status, the Court DENIES Amazon's motion for sanctions.

However, in the interest of clarity, the Court ADOPTS the June Order, and DIRECTS Plaintiff to refrain from directly contacting Amazon concerning matters related to this action; this prohibition includes Amazon's Legal Department. If Plaintiff wishes to communicate with Amazon, he must talk to Amazon's attorneys, Friedman Kaplan Seiler & Adelman LLP, 1633 Broadway, 46th Floor, New York, New York 10019.

## CONCLUSION

For the reasons explained above, Plaintiff's motion for recusal is DENIED; Plaintiff's motion for partial remand is DENIED; Plaintiff's application for leave to amend is DENIED; Amazon's motion to dismiss the Complaint is GRANTED; Amazon's motion for a permanent injunction is GRANTED in part, and DENIED in part; and Amazon's motion for civil contempt sanctions is DENIED.

SO ORDERED.