Betterson v. HSBC Bank USA, N.A.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
   BARRINGTON D. PARKER,
   DEBRA A. LIVINGSTON,
      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

ELLEN BETTERSON,
  <u>Plaintiff-Appellant</u>,

  -v.-           15-3463

HSBC BANK USA, N.A.,
  <u>Defendant-Appellee</u>,

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:    FRANK HOUSH, Housh Law Office, PLLC, Buffalo, New York.

FOR APPELLEE:    ROBERT WEISSFLACH, Harter Secrest & Emery LLP, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Ellen Betterson appeals from the judgment of the United States District Court for the Western District of New York (Wolford, J.) dismissing on summary judgment claims for retaliation and for discrimination on the basis of race, sex, and age. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because: 1) Betterson's age and sex discrimination claims based on conduct before June 2, 2009 are procedurally barred; 2) Betterson's remaining age and sex discrimination claims fail either to establish an adverse employment action or circumstances giving rise to an inference of discrimination; 3) her race discrimination claim fails to allege an adverse employment action; and 4) her retaliation claim fails to establish but-for causation.

Despite three extensions of time, Betterson failed to submit an opposing statement of material facts along with her opposition to HSBC's motion for summary judgment. Such a statement is required by the Western District's Local Rule 56(a)(2). The district court found HSBC's statements to be

2

supported by the record, and it properly exercised its discretion in deeming Betterson to have admitted HSBC's own statement of facts. N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc., 426 F.3d 640, 648-49 (2d Cir. 2005).

Betterson was an HSBC employee from 1987 until her termination in 2010. She alleges that, in 2005, two supervisors began discriminating against her on the basis of her race (African-American) and age. Betterson complained internally, and in 2008 voluntarily transferred to a new department at HSBC where she kept the same salary and benefits. She alleges that the supervisor at her new department discriminated against her on the basis of her sex and age (but not her race). Betterson filed an EEOC complaint alleging race, sex, and age discrimination on March 29, 2010. HSBC terminated her employment in August 2010 at the same time as a reduction in force due to corporate reorganization, and she filed a second EEOC complaint alleging retaliation shortly after.

Betterson's Title VII claim of sex discrimination and her claim under the Age Discrimination in Employment Act ("ADEA") were properly dismissed. To sustain Title VII or ADEA claims, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged act of

3

discrimination.  Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996) (Title VII); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 328 (2d Cir. 1999) (ADEA). Failure to comply bars claims based on those discriminatory acts. See Van Zant, 80 F.3d at 712.

Betterson did not file charges with the EEOC until March 29, 2010.  The 300-day limit bars claims based on conduct before June 2, 2009 unless an exception applies, and no exception does here.[1]  Betterson's ADEA and Title VII claims based on conduct before that date were therefore properly dismissed.

As to the ADEA and Title VII claims based on conduct after that date, Betterson has not made out the necessary prima facie case.  Her termination is the only cognizable adverse employment action she has alleged.  Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 570 (2d Cir. 2011) (criticism, "trivial harms," and "petty slights" not sufficient).  But Betterson failed to plead that she was

_____

[1]The continuing violation exception is not available because Betterson has only alleged a series of discrete acts and has not plausibly alleged that those acts were in furtherance of any ongoing policy of discrimination.  See Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 155-57 (2d Cir. 2012).  Nor is the related exception for a hostile work environment claim available--the discrete, isolated incidents she alleges are not enough to create an objectively hostile work environment.  Petrosino v. Bell Atl., 385 F.3d 210, 221-23 (2d Cir. 2004).

4

terminated due to discrimination--she failed to put it in her complaint, her EEOC letter, or her summary judgment papers.  The district judge therefore refused to consider it as part of the discrimination claim.  In any event, Betterson failed to establish that the termination occurred under circumstances giving rise to an inference of discrimination.  Betterson alleges that her supervisor at the time of termination discriminated against her on the basis of age and sex.  That supervisor was a woman, was (slightly) older than Betterson, and had hired Betterson.  Betterson has adduced no evidence that the supervisor was motivated by age or sex discrimination.  Grady v. Affiliated Cent., Inc., 130 F.3d 553, 561 (2d Cir. 1997) (fact that supervisor had herself hired plaintiff suggested no inference of discrimination).  Betterson's Title VII and ADEA claims based on conduct after June 2, 2009 were therefore properly dismissed.

Betterson's race discrimination claim similarly fails because she has not alleged an adverse employment action.  Exclusion from certain meetings is not an adverse employment action; Betterson admits that she could still do her job and there is no evidence that she was disadvantaged by that exclusion.  Dillon v. Morano, 497 F.3d 247, 254-55 (2d Cir. 2007).  Nor can Betterson rely on the reorganization of the

5

reporting structure, because the reorganization did not affect Betterson's role, responsibilities, or pay--and the reorganization was department-wide. Tepperwien, 663 F.3d at 568 ("trivial harms" are not materially adverse). Nor may Betterson rely on her *voluntary* transfer to another department, especially since that transfer did not affect pay or benefits. See Kessler v. Westchester County Dept. Of Social Services, 461 F.3d 199, 207 (2d Cir. 2006); Miller v. Praxair, Inc. 408 F. App'x 408, 410 (2d Cir. 2010).[2]

Finally, Betterson's retaliation claim fails because she cannot establish that her EEOC complaint was a but-for cause of her termination. Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845 (2d Cir. 2013). HSBC has put forward uncontroverted evidence that Betterson was terminated as part of a reduction in force due to corporate reorganization, and that Betterson's performance ratings were worse than the employee who remained in her position. A reduction in force is a legitimate, nonretaliatory reason for termination. See Delaney v. Bank of Am. Corp., 766 F.3d

---

[2] Betterson alleges that two supervisors in the first department she worked in (Product Management) discriminated against her on the basis of race, but she does not allege that her supervisor in the second department she worked in (Accounts Payable) did so. Because she transferred to Accounts Payable in 2008 and was terminated in 2010, she does not allege that she was terminated on the basis of racial discrimination.

163, 168 (2d Cir. 2014).  Betterson has adduced no evidence indicating that reason was pretextual; so no reasonable juror could have found that Betterson would have kept her job had she not filed the EEOC complaint.

Summary judgment was therefore appropriate.

For the foregoing reasons, and finding no merit in Betterson's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK